UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-23389-RAR

MATTHEW ALEXANDER MCGOWAN,

      Petitioner,

v.

CASSANDRA JONES, DIRECTOR,
MIAMI-DADE CORRECTIONS &
REHABILITATION,

      Respondent.
_____/

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus

filed pursuant to 28 U.S.C. § 2241.  [ECF No. 1].  Petitioner is a pretrial detainee in the custody

of the Miami-Dade County Department of Corrections & Rehabilitation and is currently facing

charges filed in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, Case

No. F17-018798.[1]  Petitioner alleges that he is a "Canadian and British citizen" and that he was

unlawfully "kidnapp[ed] and brought to the U.S.A. on [a] private jet" to face the charges filed in

state court.  Petition at 8.  Petitioner entreats the Court to order his immediate release from custody

so he can be deported back to his home country of Canada.  *See id.*  Since Petitioner's claims ask

---

[1] The Court takes judicial notice of the state court docket in Case No. F17-018798 to confirm the allegations contained within the Petition.  *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) ("The district court properly took judicial notice of the documents in Horne's first case, which were public records that were 'not subject to reasonable dispute.'") (quoting Fed. R. Evid. 201(b)).

Consistent with the Court's exercise of judicial notice, the Clerk is **INSTRUCTED** to include the Eleventh Judicial Circuit's docket in Case No. F17-018798, as of the date of this Order's rendition, as part of the record in this case, available at https://www2.miami-dadeclerk.com/cjis/ (last accessed Oct. 21, 2022).

the Court to interfere with an ongoing state prosecution, rather than address the nature of his confinement, the Court finds that the Petition must be **DISMISSED**.

* * *

Under 28 U.S.C. § 2241, a state pretrial detainee may file a petition for writ of habeas corpus in a federal district court if his detention "violate[s] the Constitution or the laws or treaties of the United States." *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003). Petitioner alleges his detention is unlawful for four reasons. *First*, he argues that he has "not [been] allowed to petition [for] pre-trial release." Petition at 6. He further explains that although he filed a "motion for *Arthur*[2] hearing for pretrial release" that motion was struck by "fraudulent counsel" since he never consented to the appointment of a public defender to represent him. *Id.* at 7. *Second*, Petitioner avers that he is "not allowed to read depositions or view [the] full court docket record" and that his complaints to counsel, the trial court, and the Florida Bar have fallen on deaf ears. *Id. Third*, he asserts that the State of Florida lacks jurisdiction to prosecute him because he "is not a ward of the State and is foreign alien property." *Id. Fourth*, Petitioner claims that his detention is akin to being "sold into slavery by the State of Florida" and that, as a subject of the British Crown, he cannot be sold into slavery without the consent of the British Crown and/or Congress. *See id.* at 8 ("Cannot sell King Charles III's ward without consent of Congress.").

Without addressing the merits of the Petition, the Court finds that the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) precludes relief. *Younger* abstention properly applies when "(1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Turner v. Broward Sheriff's Off.*, 542 F. App'x 764, 766 (11th

---

2 *See State v. Arthur*, 390 So. 2d 717 (Fla. 1980).

Cir. 2013).  However, there are also "three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022).  "When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (quoting *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977)); *see also Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004) ("[T]he [*Younger*] doctrine usually applies in cases involving criminal prosecution or the criminal justice system.").

Since it is undisputed that there is an ongoing state criminal prosecution against Petitioner, the Court must dismiss the Petition unless Petitioner can demonstrate one of the "three narrow exceptions" to the *Younger* doctrine.  *See Lewis v. Broward Cnty. Sheriff's Off.*, No. 20-14603, 2021 WL 5217718, at *2 (11th Cir. Nov. 9, 2021) ("Because Lewis was involved in ongoing state court proceedings, and his § 2241 petitions concerned the lawfulness of those proceedings and his continued detention pursuant to those proceedings, the *Younger* abstention doctrine precluded federal interference, absent extraordinary circumstance.") (citing *Younger*, 401 U.S. at 43).  The only exception which could conceivably apply here is that "there is no adequate alternative state forum where the constitutional issues can be raised" since Petitioner alleges that the trial court, the Florida Supreme Court, and the Florida Bar have all ignored him.  *See* Petition at 2–6.  This argument, however, is deficient.  By Petitioner's own admission, he is presently represented by counsel in state court.  *See* Petition at 7.  Under Florida law, "a pro se pleading is a nullity and must be stricken if it is filed while the defendant is represented by counsel[,]" so any *pro se* pleadings seeking relief in the state court system would have properly been ignored.  *Cornelius v.*

*State*, 223 So. 3d 398, 401 (Fla. 5th DCA 2017).  Of course, Petitioner argues that his counsel is "fraudulent" and that he did not consent to the appointment of a public defender—but both the state-court docket and Petitioner himself indicate that Petitioner's competence to stand trial and/or discharge counsel is currently in question.  *See* Petition at 7–8 ("Please help ASAP they are conspiring to hide me in a mental hospital."); *see also Godinez v. Moran*, 509 U.S. 389, 396 (1993) ("A criminal defendant may not be tried unless he is competent, and he may not waive his right to counsel or plead guilty unless he does so 'competently and intelligently.'") (internal citations omitted).

Petitioner wants this federal court to intervene in his state-court prosecution to correct what he believes are a mountain of errors committed by the state court, but the *Younger* abstention doctrine cannot be ignored unless the Court is convinced that "the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts[.]"  *Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996) (emphasis in original); *see also Johnson*, 32 F.4th at 1101 ("Mere errors or mistakes by the state trial court are not special circumstances which justify federal intervention.  To put it simply, a federal court may not intervene and enjoin a state-court proceeding whenever a federal judge disagrees with his state-court sister.").  Since the Petition appears to be a bad-faith attempt to short-circuit a valid state-court prosecution, rather than a necessary tool to bring a claim that could not otherwise be brought in state court, *Younger* abstention clearly applies.[3]

---

[3]  In addition, the Court has the authority to dismiss the Petition as meritless and frivolous.  *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional[.]'") (cleaned up).  The crux of Petitioner's argument is that he is a foreign national who has been enslaved by the State of Florida and is not subject to the laws and jurisdiction of Florida absent the express consent of the United States government or the British Crown.  *See generally* Petition at 7–8.  This argument is patently absurd and does not merit further discussion.

Lastly, the Court must consider whether to grant Petitioner a "certificate of appealability" ("COA"). *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal."). Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right[,]" 28 U.S.C. § 2253(c)(2), or if "jurists of reason" would find it debatable if the district court was correct in its procedural ruling, *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Here, reasonable jurists would not debate the Court's decision to dismiss the Petition based on the *Younger* abstention doctrine. Accordingly, a COA must be denied.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Petition for Writ of Habeas Corpus [ECF No. 1] is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to include the Eleventh Judicial Circuit Court's docket in Case No. F17-018798 as part of the record. All pending motions are **DENIED as moot** and all deadlines are **TERMINATED**. The Clerk is instructed to **CLOSE** the case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 21st day of October, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   Matthew Alexander McGowan, *pro se*
200135126
Miami-Dade County – Metro West
Inmate Mail/Parcels
13850 NW 41st Street
Miami, FL 33178

Noticing 2254 SAG Miami-Dade/Monroe
CrimAppMIA@MyFloridaLegal.com